**Ingrid I. QUINONEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 97–71327.

I & NS No. A73 921 084.

United States Court of Appeals, Ninth Circuit.

Submitted April 3, 2001.*

Decided April 26, 2001.

As Amended May 17, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, SILVERMAN, Circuit Judges, and BREYER,** District Judge.

MEMORANDUM ***

Ingrid Quinonez, a native and citizen of Guatemala, appeals the BIA's denial of her request for asylum and withholding of deportation. The BIA found that Quinonez did not establish persecution. We have jurisdiction over this appeal pursuant to 8

** Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

U.S.C. § 1105(a), as amended by § 309(c)(4)(A) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208,[1] and we deny the petition for review. Because the parties are familiar with the facts, we will not detail them here except as necessary.

█ The BIA conducted a de novo review; therefore we review the decision of the BIA. *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995). We must affirm the BIA's decision if there is reasonable, substantial and probative evidence to support the decision based on the record as a whole. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The decision can be reversed only if the evidence presented by Quinonez is "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *Id.* at 484.

█ To establish eligibility for asylum, Quinonez bears the burden of proving that she is a "refugee" and has suffered past persecution or has a well-founded fear of future persecution. *INS v. Cardoza–Fonseca*, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). The BIA determined that Quinonez failed to carry her burden of proof because she did not present any corroborating evidence of her testimony, such as copies of police reports or death certificates.

█ An expectation of corroborative evidence is justified if the BIA has reason to doubt the alien's testimony, the corroborative evidence is material and available, and the alien does not have a credible explana-

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 repeals 8 U.S.C. § 1105(a) and replaces it with a new judicial review provision codified at 8 U.S.C. § 1252, however the new provision does not apply to this case. *See* IIRIRA §§ 306(c)(1), 309(a).

tion for her failure to produce the corroborative evidence. *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000). Here, it was reasonable for the BIA to doubt Quinonez's testimony due to the material inconsistencies between Quinonez's application for asylum and her testimony. Quinonez wrote on her application that she was a member of a student "political group" whose purpose was to oppose the Guatemalan government. At her hearing, however, she denied ever being a member of such a group; rather Quinonez testified that she was a member of "Youth for Justice" whose purpose was to obtain higher wages for ranch workers from ranch owners. Also, Quinonez wrote on her application that the police had arrested, detained, and mentally and physically abused her on a few occasions. Quinonez testified at her hearing, however, that she had never been arrested, detained, or abused by the police.

The BIA had substantial reason to believe that Quinonez could have obtained corroborative evidence. Quinonez, who still had family in Guatemala, had over six years prior to her hearing to obtain it. Despite this, Quinonez gave no reasonable explanation for her failure to provide the corroborating evidence. The BIA did not err when it held that Quinonez did not carry her burden of proving a well-founded fear of persecution.

Because Quinonez has not established eligibility for asylum, she has not met the higher burden of proving that she is entitled to withholding of deportation. *Marcu v. INS*, 147 F.3d 1078, 1083 (9th Cir.1998).

PETITION FOR REVIEW DENIED.